Mary Szabara, Widow of Anthony Szabara, Deceased, Appellant, *v.* Thru-Way Equipment Co. and Workmen's Compensation Appeal Board, Appellees.

Argued December 6, 1973, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Francis P. O'Hara,* with him *Fox, Differ, Callahan & Ulrich,* for appellant.

*Daniel J. McAleer,* with him *Charles C. Hansford* and *Thomas F. McDevitt,* for appellees.

OPINION BY JUDGE WILKINSON, January 2, 1974:

Anthony F. Szabara, deceased, suffered a compensable injury on March 3, 1970, losing four fingers of his left hand. Under the terms of an open agreement for compensation, dated April 2, 1970, compensation was paid at the rate of $60.00 per week until his death on July 25, 1970, from causes admittedly unrelated to the accident.

There is no doubt that Section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §513, provided that Mr. Szabara was entitled to receive $60.00 per week for 100 weeks. As of the date of his death, only twenty weeks of compensation had been paid. The claim here in dispute is that of the widow for an award of the balance of the 100 weekly payments due.[1]

This dispute arises because Section 306(g) of The Pennsylvania Workmen's Compensation Act, 77 P.S. §541, in effect at all times here involved, provided: "Should the employe die from some other cause than the injury, the liability for compensation *shall cease.*" Appellant would have us interpret Section 306(g) as applying only in those cases where the exact dollar

---

[1] The widow set forth an additional claim for a healing period of six weeks, which would add .$360.00 to her claim.

amount to be due cannot be determined at the outset but must depend on the amount of continuing disability. As ably set forth in Commissioner Herkovitz's opinion for a unanimous Workmen's Compensation Appeal Board, such was not the law prior to the amendment of March 29, 1972, P. L. , No. 61, 77 P.S. §541, effective May 1, 1972. Following May 1, 1972, all unpaid benefits to which the deceased would have been entitled would have been paid to his dependents as set forth in the amendment. This would have been the widow if there were no children under the age of eighteen.

Appellant would have us interpret this amendment as not changing the law but merely clarifying it. We cannot agree.

Accordingly, we enter the following

ORDER

Now, January 2, 1974, the decision of the Workmen's Compensation Appeal Board, dated April 12, 1973, dismissing appellant's appeal and affirming the decision of the referee, is affirmed.